<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000220
28-JUN-2013
08:25 AM**</span>

NO. CAAP-13-0000220

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SECURITY SYSTEMS, INC., Plaintiff-Appellant,
v.
PROFESSIONAL SECURITY CONSULTANTS, PROFESSIONAL SECURITY
CONSULTANTS, INC., Defendants-Appellees,
and
Doe Defendants 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0430)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Alii Security Systems, Inc.'s (Appellant Alii Security Systems), appeal from the Honorable Karl K. Sakamoto's February 20, 2013 judgment because the February 20, 2013 judgment does not satisfy the requirements for an appealable final judgment under Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under

HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed,". or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). A judgment that does not either expressly enter judgment on the claims or expressly dismiss the claims requires an appellate court to search the often voluminous record on appeal for the dispositive antecedent orders to determine and confirm whether and how the circuit court resolved each of the claims. As the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP

[Rule] 54(b)." <u>Id.</u> (emphasis added).

The February 20, 2013 judgment neither expressly enters judgment on nor expressly dismisses any claims. Instead, the February 20, 2013 judgment merely enters judgment in favor of Defendants-Appellees Professional Security Consultants and Professional Security Consultants, Inc., and against Appellant Alii Security Systems for costs, alone, without expressly resolving a single claim. An award of attorneys' fees or costs is not, by itself, independently appealable, because it "is not a final decision with respect to a claim for relief." <u>Fujimoto v. Au</u>, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). Thus, for example, the Supreme Court of Hawai'i has "note[d] that [a] circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." <u>Id.</u> (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." <u>CRSC, Inc. v. Sage Diamond Co., Inc.</u>, 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." <u>Fujimoto v. Au</u>, 95 Hawai'i at 123, 19 P.3d at 706; <u>CRSC, Inc. v. Sage Diamond Co., Inc.</u>, 95 Hawai'i at 306, 22 P.3d at 102 ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them.").

Because the February 20, 2013 judgment neither expressly enters judgment on nor expressly dismisses the claims in this case, the February 20, 2013 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in <u>Jenkins</u>. Absent the entry of an appealable final judgment, Appellant Alii Security Systems'

appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0000220.  Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000220 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge